United States District Court
District of Massachusetts

| | |
|---|---|
| Terrence Cunningham,<br><br>    Petitioner,<br><br>    v.<br><br>Jeffrey Grondolsky,<br><br>    Respondent. | Civil Action No.<br>17-cv-11118-NMG |

## MEMORANDUM & ORDER

Gorton, J.

Terrence Cunningham ("Cunningham" or "petitioner") filed a self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the "savings clause" in 28 U.S.C. § 2255(e). Cunningham challenges the decision by the sentencing court in the Western District of North Carolina that he is a career offender. He asserts that, based on this erroneous calculation, he should be released from federal custody. For the reasons that follow, the government's motion to dismiss will be allowed and petitioner's claim will be dismissed.

I. **Background**

In May, 1999, a grand jury in the United States District Court for the Western District of North Carolina charged

Cunningham in a one count indictment with conspiracy to possess with intent to distribute cocaine base. Later that month, he pled guilty pursuant to a written plea agreement.

In October, 2000, the Court adopted the recommendation in the pre-sentence report that Cunningham was a career offender with a total offense level of 37 and a criminal history category of VI. Although the applicable guideline range was 262 and 327 months, the Court sentenced Cunningham to the statutory maximum of 240 months of incarceration. Cunningham did not appeal the conviction or the sentence. On the day of his sentencing, he absconded and became a "fugitive from justice" until he was recaptured and began serving his sentence in January, 2006.

In March, 2010, Cunningham filed a § 2241 petition in the Eastern District of North Carolina. In that petition, he claimed that 1) the Western District of North Carolina had lacked jurisdiction to sentence him, 2) the sentence imposed is unconstitutional and 3) the government breached the plea agreement. In May, 2011, the Court allowed Cunningham's voluntary motion to withdraw his petition after advising him that the § 2241 petition would be converted to a § 2255 petition.

In September, 2011, Cunningham filed a § 2255 motion in the Western District of North Carolina alleging that 1) he is innocent of the crimes of conviction, 2) he did not enter his plea of guilty knowingly and voluntarily and 3) he is not properly considered a career offender under the guidelines. The Court dismissed that motion as time-barred. In March, 2012, the Fourth Circuit Court of Appeals affirmed the dismissal of his petition in an unpublished, per curiam decision after concluding that his motion did not demonstrate a "debatable claim of the denial of a constitutional right". See United States v. Cunningham, No. 11-7597, slip op. (4th Cir. Mar. 20, 2012).

In August, 2013, Cunningham filed a § 2241 petition in the Western District of North Carolina, which was summarily dismissed three months later. The Court reasoned that the motion was improperly filed under § 2241 because Cunningham could not meet the requirements of the savings clause in § 2255(e). Consequently, the Court concluded that the petition was a § 2255 motion disguised as a § 2241 petition. The Court explained that, under 28 U.S.C. § 2244(b)(3)(A), Cunningham was ineligible to file subsequent § 2255 petitions without obtaining approval from the Fourth Circuit. As such, his petition was

dismissed. Cunningham filed a notice of appeal but subsequently withdrew that notice.

In June, 2017, Cunningham filed a § 2241 motion in this Court. He contends that he should be released because the Western District of North Carolina wrongfully relied on a prior drug charge when designating him a career offender. The government responds that the petitioner did not sufficiently show that § 2255 was an inadequate remedy and thus he cannot invoke a claim under § 2241.

## II. Legal Standard

A prisoner seeking to attack his sentence collaterally must assert his claim through a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 before the sentencing court rather than pursuant to § 2241 in the district in which he is incarcerated. See United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999) cert. denied, 528 U.S. 1176; Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000)(motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself").

In certain instances where a petitioner may not seek relief under § 2255, he may do so under § 2241 and the § 2255 savings clause. 28 U.S.C. § 2255(e). The savings clause provides, in relevant part, that:

> An application for a writ of habeas corpus... shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

Id. A § 2255 motion is not "inadequate or ineffective" merely because a petitioner cannot meet the second or successive requirements. See Barrett, 178 F.3d at 50. Courts allow recourse to the savings clause only "in rare and exceptional circumstances," such as those in which the restrictions on § 2255 motions would result in a "complete miscarriage of justice." Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting in part In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). "Most courts have required a credible allegation of actual innocence to access the savings clause." Id.; see also Barrett, 178 F.3d at 52-53 (discussing availability of § 2241 where a petitioner claims "actual innocence"). Further, it is well settled that a petitioner who has exhausted his § 2255 remedy cannot avail himself of the savings clause to circumvent

the restrictions of § 2255 by filing a motion under § 2241 instead. See Barrett, 178 F.3d at 50-52 (permitting a petitioner to evade the restrictions of § 2255 by resorting to § 2241 would render those restrictions meaningless).

## III. Application

Cunningham has not set forth exceptional circumstances nor proven that there would be a complete miscarriage of justice should the § 2241 petition not be granted. Although the instant challenge varies slightly from the previous two petitions, his claim is, once again, an assertion denying the legitimacy of his sentence. Petitions that attack the validity rather than the execution of a sentence are not subject to review under § 2241. United States v. DiRusso, 535 F.2d 673, 674-75 (1st Cir. 1976).

In this case, § 2255 relief is unavailable to Cunningham because his prior filings for such relief (in various forms) were unsuccessful. He likely is aware that this alternative is foreclosed to him so he now seeks to challenge his sentence via a § 2241 habeas petition under the guise of the savings clause of § 2255. Cunningham was unsuccessful with his first § 2255 motion. A prisoner seeking to file a second § 2255 petition must first obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

Accordingly, because Cunningham has not received such authorization, this Court lacks jurisdiction to entertain his petition. Cf. Heredia v. Grondolsky, 2012 WL 5932061 (D. Mass. 2012).

**ORDER**

In accordance with the foregoing:

1) Respondent's Motion to Dismiss for Lack of Jurisdiction (Docket No. 17) is **ALLOWED**; and

2) Petitioner's Motion for Writ of Habeas Corpus (Docket No. 1) is **DENIED**.

The petition is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 17, 2018